UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62438-GAYLES

ALESSANDRO FRUSCIANTE,

        **Plaintiff,**

v.

DYNAMIC INTEGRATED SECURITY, INC.
and ZEEV FRAGACHAN,

        **Defendants.**

_____

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Defendants, DYNAMIC INTEGRATED SECURITY, INC. and ZEEV FRAGACHAN, including all of their officers, directors, representatives, shareholders, owners, agents, employees, affiliated and related companies (hereinafter collective referred to as "Defendants"); and Plaintiff, ALESSANDRO FRUSCIANTE, including his heirs, representatives, attorneys and successors, and assigns (hereinafter referred to as "Plaintiff"); for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

    1.    **Mutual General Release**. In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties release and discharge each other from any and all claims, demands, liabilities, and causes of action of whatever kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds or has owned or held against the other parties, including but not limited to any and claims, demands or causes of action which related to Plaintiff's employment

1

relationship with, or the separation of his relationship with Defendants, or any loss, damage, or injury committed prior to the date of this Agreement, including all claims which arise out of the above styled lawsuit *Alessandro Frusciante vs. Dynamic Integrated Security, Inc. and Zeev Fragachan, Case Number 16-cv-62438-GAYLES* (hereinafter referred to as the "Litigation").

2. **Consideration.** In consideration totaling Twelve Thousand Five Hundred Dollars and No Cents ($12,500.00) and for the promises of Plaintiff as set forth herein, Defendants, jointly and severally, agree to provide checks payable to **SILVERBERG & WEISS, P.A. TRUST ACCOUNT** as set forth below. This settlement amount includes compensatory damages, litigation costs and attorney fees.

  a) Defendants, jointly and severally, shall pay $4,000.00 to Plaintiff within ten (10) days of the date of this Agreement.

  b) The balance of the settlement amount shall be paid by Defendants, jointly and severally, to Plaintiff in three equal monthly installments of $2,833.34 commencing on March 15, 2017 and continuing on the 15th day of each consecutive month thereafter until paid in full.

  c) On or before the due date thereof, all payments shall be delivered to Plaintiff's counsel, Paul K. Silverberg, Esq., 1290 Weston Road, Suite 218, Weston, Florida 33326; (954) 384-0998, email: notices@pkslegal.com.

3. **Disbursement**. Plaintiff's counsel will disburse to Plaintiff the amount of five thousand, six hundred dollars from the settlement funds. Plaintiff's counsel may disburse from the remainder of the settlement funds, the Litigation costs and expenses incurred in this action; and to the Firm, any remaining balance as payment of attorney fees for bringing this Litigation.

4. **Non-Admission Clause**. By entering into this Agreement, the Defendant does not admit liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

5. **Re-employment**. As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Defendants or their subsidiaries or related entities at any time in the future. Plaintiff agrees not to seek employment with Defendants and Defendants are under no obligation or duty to consider Plaintiff for re-employment in the future.

6. **Dismissal of Lawsuit.** The Parties shall file a Joint Motion to Approve Settlement and dismiss the Litigation and agree that the Court may dismiss and close this Litigation.

7. **Consultation with Attorney.** The parties hereby acknowledge that they have a right to consult an attorney and that they have specifically consulted their attorneys with respect to the terms and conditions of this Agreement. The parties acknowledge that they have jointly participated in the negotiation of this Agreement. The parties further acknowledge that they fully understand this Agreement and the effect of signing and executing the Agreement and have done so freely and voluntarily, and without duress, coercion, or undue influence.

8. **Entire Agreement.** This Agreement constitutes the complete understanding of the respective parties hereto and supersedes any and all prior agreements, promises, representations, or inducements concerning this subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party. The release and

agreement with any other party to the Litigation is separate from this Agreement and not contingent or a condition on the other.

9. **Enforcement.** Should any party breach any provisions of this Agreement, the non- breaching party shall have all rights, remedies and/or causes of action available at law or in equity and the prevailing party shall be entitled to recover its attorneys' fees and costs in bringing any such enforcement proceedings.

10. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

AGREED AND ACCEPTED this _____ day of February, 2017.

**Defendant:**

_____
Name:
as Officer of **Dynamic Integrated Security, Inc**.

AGREED AND ACCEPTED this _____ day of February, 2017.

**Defendant:**

_____
**Zeev Fragachan**, individually

AGREED AND ACCEPTED this _____ day of February, 2017.

**Plaintiff:**

_____
Alessandro Frusciante

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62438-GAYLES

ALESSANDRO FRUSCIANTE,

        Plaintiff,

v.

DYNAMIC INTEGRATED SECURITY, INC.
and ZEEV FRAGACHAN,

        Defendants.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Defendants, DYNAMIC INTEGRATED SECURITY, INC. and ZEEV FRAGACHAN, including all of their officers, directors, representatives, shareholders, owners, agents, employees, affiliated and related companies (hereinafter collective referred to as "Defendants"); and Plaintiff, ALESSANDRO FRUSCIANTE, including his heirs, representatives, attorneys and successors, and assigns (hereinafter referred to as "Plaintiff"); for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release**. In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties release and discharge each other from any and all claims, demands, liabilities, and causes of action of whatever kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds or has owned or held against the other parties, including but not limited to any and claims, demands or causes of action which related to Plaintiff's employment relationship with, or the separation of his relationship with Defendants, or any loss, damage, or injury committed prior to the date of this Agreement, including all claims which arise out of the above styled lawsuit *Alessandro Frusciante vs. Dynamic Integrated Security, Inc. and Zeev Fragachan, Case Number 16-cv-62438-GAYLES* (hereinafter referred to as the "Litigation").

2. **Consideration.** In consideration totaling Twelve Thousand Five Hundred Dollars and No Cents ($12,500.00) and for the promises of Plaintiff as set forth herein, Defendants, jointly and severally, agree to provide checks payable to **SILVERBERG & WEISS, P.A. TRUST ACCOUNT** as set forth below. This settlement amount includes compensatory damages, litigation costs and attorney fees.

    a) Defendants, jointly and severally, shall pay $4,000.00 to Plaintiff within ten (10) days of the date of this Agreement.

b) The balance of the settlement amount shall be paid by Defendants, jointly and severally, to Plaintiff in three equal monthly installments of $2,833.34 commencing on March 15, 2017 and continuing on the 15th day of each consecutive month thereafter until paid in full.

c) On or before the due date thereof, all payments shall be delivered to Plaintiff's counsel, Paul K. Silverberg, Esq., 1290 Weston Road, Suite 218, Weston, Florida 33326; (954) 384-0998, email: notices@pkslegal.com.

3. **Disbursement**. Plaintiff's counsel will disburse to Plaintiff the amount of five thousand, six hundred dollars from the settlement funds. Plaintiff's counsel may disburse from the remainder of the settlement funds, the Litigation costs and expenses incurred in this action; and to the Firm, any remaining balance as payment of attorney fees for bringing this Litigation.

4. **Non-Admission Clause**. By entering into this Agreement, the Defendant does not admit liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

5. **Re-employment**. As part of this Agreement, Plaintiff specifically waives any present and future claim for reinstatement or employment with Defendants or their subsidiaries or related entities at any time in the future. Plaintiff agrees not to seek employment with Defendants and Defendants are under no obligation or duty to consider Plaintiff for re-employment in the future.

6. **Dismissal of Lawsuit.** The Parties shall file a Joint Motion to Approve Settlement and dismiss the Litigation and agree that the Court may dismiss and close this Litigation.

7. **Consultation with Attorney.** The parties hereby acknowledge that they have a right to consult an attorney and that they have specifically consulted their attorneys with respect to the terms and conditions of this Agreement. The parties acknowledge that they have jointly participated in the negotiation of this Agreement. The parties further acknowledge that they fully understand this Agreement and the effect of signing and executing the Agreement and have done so freely and voluntarily, and without duress, coercion, or undue influence.

8. **Entire Agreement.** This Agreement constitutes the complete understanding of the respective parties hereto and supersedes any and all prior agreements, promises, representations, or inducements concerning this subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party. The release and agreement with any other party to the Litigation is separate from this Agreement and not contingent or a condition on the other.

9. **Enforcement.** Should any party breach any provisions of this Agreement, the non-breaching party shall have all rights, remedies and/or causes of action available at law or in equity and the prevailing party shall be entitled to recover its attorneys' fees and costs in bringing any such enforcement proceedings.

10. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

AGREED AND ACCEPTED this

day of February, 2017.

**Defendant:**

Name: _____
as Officer of Dynamic ~~Integrated~~ Security, Inc.

AGREED AND ACCEPTED this

26 day of February, 2017.

**Defendant:**

Zeev Fragachan, individually

AGREED AND ACCEPTED this

21 day of February, 2017.

**Plaintiff:**

**Alessandro Frusciante**

1